IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

PERRY LEE JACKSON, JR.                                                                  PLAINTIFF
ADC #90614

V.                                    NO.  5:07cv00066 SWW-JWC

SHARMON TYLER, et al                                                                  DEFENDANTS

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**I. Instructions**

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of these findings and recommendations.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR  72201-3325

## II. Recommended Disposition

Plaintiff, a pro se inmate who at the time was confined to the Delta Regional Unit of the Arkansas Department of Correction ("ADC"), filed this 42 U.S.C. § 1983 civil rights action (docket entry #2) on March 26, 2007.  On October 3, 2007, Defendants filed a motion for summary judgment and brief in support (docket entries #25, #27) seeking to dismiss Plaintiff's complaint on several grounds.  Defendants also filed a statement of indisputable material facts in support of their motion (docket entry #26) pursuant to Local Rule 56.1 of the Rules of the United States District Court for the Eastern District of Arkansas.  By order entered October 4, 2007 (docket entry #28), Plaintiff was notified of his opportunity to file a responsive pleading opposing Defendants' motion for summary judgment.  He was also directed to file a separate, short and concise statement setting forth the facts which he thought needed to be decided at a trial if he disagreed with Defendants' statement of facts.  Plaintiff was advised that his failure to file a statement of facts would result in the facts in Defendants' statement being admitted.  Plaintiff has not responded in any manner.

**A.	Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The Court must view the evidence in the light most favorable to the nonmoving party, giving him the benefit of all reasonable factual inferences. Reed v. ULS Corp., 178 F.3d 988, 990 (8th Cir. 1999). A moving party is nevertheless entitled to summary judgment if the nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he will have the burden of proof at trial. Celotex, 477 U.S. at 322-23. To avoid summary judgment, the nonmovant must go beyond the pleadings and come forward with specific facts, "by [his] own affidavit" or otherwise, showing that a genuine, material issue for trial exists. Id. at 324; Fed. R. Civ. P. 56(e). A nonmovant has an obligation to present affirmative evidence to support his claims. Settle v. Ross, 992 F.2d 162, 163-64 (8th Cir. 1993).

**B.	Factual Background**

According to Plaintiff's complaint (docket entry #2), on February 15, 2007, his legal mail was opened by mail-room personnel (on this day, Defendant Tyler). Plaintiff contends that Defendant Tyler knows, through her years at the ADC as well as her officer orientation, that such action is prohibited. Plaintiff further contends that this is the fifth time his legal mail had been opened at the Delta Regional Unit. Plaintiff does not explain how these alleged actions have harmed him. In addition, aside from naming Defendant Cashion in

the caption of his complaint, Plaintiff makes no other mention of this individual. As relief, Plaintiff seeks $100,000 in damages for the invasion of his privacy.

**C.     Analysis**

Pursuant to Local Rule 56.1(c) of the Rules of the United States District Court for the Eastern District of Arkansas, all material facts set forth in Defendants' statement of material facts shall be deemed admitted unless controverted by a statement filed by Plaintiff. Plaintiff has filed no such statement despite a clear opportunity to do so. Therefore although a litigant's verified complaint is generally considered an affidavit for purposes of summary judgment, Burgess v. Moore, 39 F.3d 216, 218 (8th Cir. 1994), the Court should adopt Defendants' recitation of the facts. See Jackson v. Arkansas Dep't of Educ., Vocational & Technical Educ. Div., 272 F.3d 1020, 1027 (8th Cir. 2001) ("pursuant to Local Rule 56.1(c), [plaintiff] forfeited her ability to contest the facts presented in the Department's original summary judgment motion by her failure to respond to the Department's motion"); see also In re: Bridge Info. Sys., Inc., 297 B.R. 759, 762 n.2 (Bankr. E.D. Mo. 2003) (citing Jackson, 272 F.3d at 1027-28) (same); Washington v. Robinson, 68 F.3d 479 (8th Cir. 1995) (unpub. per curiam) (§ 1983 lawsuit involving excessive force used in connection with arrest dismissed on summary judgment motion; no abuse of discretion where district court deemed facts admitted and granted summary judgment based upon plaintiff's failure to respond to the motion within the time required by the Arkansas local rules). For the reasons explained herein, Defendants' motion should be granted.

**1.     Defendant Tyler**

Defendants first seek dismissal on the grounds that Plaintiff has failed to state a claim against Defendant Tyler. Defendant Tyler is a classification officer. She was assigned to work in the mail room on February 15, 2007, in the absence of the mail room supervisor who was sick that day. Defendant Tyler admits that she accidentally opened one piece of Plaintiff's legal mail outside his presence on this date. This was an inadvertent act. When Defendant Tyler realized she had opened Plaintiff's legal mail, she resealed the letter and immediately forwarded it on to him without reading it. Defendant Tyler has no knowledge of any other legal mail belonging to Plaintiff being opened because she is not normally assigned to the mail room (see docket entry #27, Exh. E). Plaintiff filed one grievance (DR-07-00057) that concerned the unauthorized opening of his legal mail. In this grievance he did state that this was "like the fifth time" in which he'd received opened legal mail. This grievance against Defendant Tyler was exhausted (see docket entry #27, Exh. B). When Defendant Cashion received Plaintiff's grievance, he investigated the allegations and found the grievance had merit; however, he additionally found that Plaintiff's legal mail was opened accidentally and immediately thereafter delivered to him (see docket entry #27, Exh. F). There is no further documentation in Plaintiff's file of any additional grievances regarding his complaints of opened legal mail (see docket entry #27, Exh. C).

The issue of opening incoming legal mail addressed to a prisoner was fully covered in Gardner v. Howard, 109 F.3d 427 (8th Cir. 1997). In that case the Eighth Circuit stated

> "We have never held or suggested that an isolated, inadvertent instance of opening incoming confidential legal mail will support a § 1983 damage action. Rather, we agree with other circuits that an 'isolated incident, without

any evidence of improper motive or resulting interference with [the inmate's] right to counsel or to access to the courts, does not give rise to a constitutional violation.'"

Id. at 431 (citing Smith v. Maschner, 899 F.2d 940, 944 (10th Cir.1990); Morgan v. Montanye, 516 F.2d 1367, 1370-71 (2d Cir.1975)). The Gardner court further held:

> "The act of opening incoming mail does not injure an inmate's right to access the courts. The policy that incoming confidential legal mail should be opened in inmates' presence instead serves the prophylactic purpose of assuring them that confidential attorney-client mail has not been improperly read in the guise of searching for contraband (internal citation omitted). Given this limited purpose, inadvertent opening of legal mail cannot be actionable under § 1983, particularly when it is followed by . . . corrective action . . . because '[t]o assert a successful claim for denial of meaningful access to the courts . . . an inmate must demonstrate that he suffered prejudice.'"

Id. at 431 (citing Berdella v. Delo, 972 F.2d 204, 210 (8th Cir.1992)).

The evidence establishes that a single piece of Plaintiff's legal mail was accidentally opened outside his presence by Defendant Tyler on a single occasion. There is no evidence of improper motive or interference with Plaintiff's access to the courts, corrective action was immediately taken, it was an isolated incident, and no prejudice resulted. Plaintiff's claim against Defendant Tyler simply does not give rise to a constitutional violation; thus, his claim against her should be dismissed.[1]

## 2. Defendant Cashion

Defendants also seek dismissal on respondeat superior grounds. Specifically, they contend that Plaintiff seeks to hold Defendant Cashion liable, improperly, under a respondeat superior theory of recovery. Defendants place the cart before the horse— they completely overlook the fact that aside from naming Defendant Cashion in the caption of

---

[1] The Court notes since no constitutional violation occurred, Plaintiff's claim against Defendant Cashion cannot survive either.

6

the complaint, Plaintiff makes no other mention of him. Dismissal of Defendant Cashion is warranted on this ground alone and this Court raises the issue sua sponte. For a defendant to be held liable under § 1983, he or she must have personally participated in, or had some responsibility for, the particular act which deprived Plaintiff of a constitutionally protected right. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999) ("despite having been ordered to amend his complaint to clarify how . . . defendants upon whom he sought service had violated his constitutional rights, [plaintiff] failed to allege facts supporting any individual defendant's personal involvement or responsibility for the violations"); see also Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (plaintiff failed to allege sufficient personal involvement by any defendant to support a claim); Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985) ("Although it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions."); Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir.1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."). Plaintiff has failed to allege a single fact in support of a claim against Defendant Cashion; therefore, any claim against him should be dismissed.

### III. Conclusion

In accordance with the above, IT IS, THEREFORE, RECOMMENDED that:

1. Defendants' motion for summary judgment (docket entry #25) should be GRANTED.

2. Plaintiff's case should be DISMISSED in its entirety WITH PREJUDICE.

3. Any pending motions should be DENIED AS MOOT.

4.  The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any order adopting this recommendation, and any judgment entered thereunder, would not be taken in good faith.

5.  This dismissal should count as a "strike" as frivolous pursuant to 28 U.S.C. § 1915(g).[2]

DATED this 26th day of October, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the in forma pauperis statutes] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.